UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

121ECOMMERCE LLC,

    Plaintiff,

v.

TNG WORLDWIDE, INC and
LAWRENCE GAYNOR,

    Defendants.

Case No. 22-11878
Honorable Laurie J. Michelson

**ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

    In 2021, TNG Worldwide, Inc. hired 121eCommerce LLC to redesign TNG's website. At least from TNG's perspective, the project ended up costing more and taking longer than it should have. According to 121's complaint, TNG "then disseminated materially false, misleading, and disparaging statements about 121 and the website redesign project to Adobe, Inc." Over the years, Adobe had regularly referred jobs to 121, and 121 says that after TNG's complaint, its referrals went down. So 121 filed this suit against TNG, alleging, among other things, defamation. TNG recently filed a motion to dismiss the complaint.

    Without expressing any view regarding the merits of TNG's motion to dismiss, the Court will grant 121 the opportunity to file an amended complaint to remedy the purported defects that TNG has raised in its motion to dismiss. The Court does not anticipate allowing 121 another opportunity to amend to add factual allegations that it could now include in its amended complaint. So this is 121's opportunity to allege

all additional facts that may cure any of the alleged deficiencies in the complaint and that could support its claims. *See Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 273 (6th Cir. 2018).

Accordingly, within the time allowed under the Local Rules to respond to TNG's motion, 121 shall either file (1) an amended complaint or, if it believes that amendment is not necessary, (2) a response brief to TNG's motion. If 121 elects the first option, TNG's motion to dismiss will be denied without prejudice to filing a second motion to dismiss—if warranted. Under either option, if the Court ultimately finds that the factual allegations supporting a claim do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court will likely dismiss that claim with prejudice. Thus, as stated, this is 121's opportunity to allege all additional facts that may cure any of the alleged deficiencies in the complaint.

IT IS SO ORDERED.

Dated: October 28, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE